UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 2:22-cv-01430-FWS-GJS            Date: October 20, 2023
Title: Paul Liang *et al.* v. Kevin Robl *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE AND MODIFYING SCHEDULING ORDER**

Plaintiffs Fang Fang Ho, Paul Liang, Real Winners, Inc., and The Princeton Project, Inc. (collectively, "Plaintiffs") noticed a Motion for Default Judgment for hearing on October 12, 2023, at 10:00 a.m. (Dkt. 161.) On October 12, 2023, the courtroom deputy called this matter for hearing. (Dkt. 162.) No party appeared for the hearing. (*Id.*) Counsel for Plaintiffs did not check in or request to appear telephonically or by Zoom. (*Id.*)

Per the Scheduling Order, the court held a Final Pretrial Conference in this matter on October 19, 2023, at 8:30 a.m. (Dkts. 139, 163.) On October 19, 2023, the courtroom deputy called this matter for hearing. (Dkt. 163.) No party appeared for the hearing. (*Id.*) Counsel for Plaintiffs did not check in or request to appear telephonically or by Zoom. (*Id.*)

The court observes that all hearings before the court have been conducted in person since February 1, 2023.[1] The docket does not contain any requests to continue the October 12, 2023, hearing or the October 19, 2023, Final Pretrial Conference or to appear remotely. (*See generally* Dkt.) Based on this record, counsel for Plaintiffs is **ORDERED TO SHOW CAUSE** in writing, on or before **October 26, 2023, at 12:00 p.m.**, why sanctions, including monetary sanctions, should not be imposed for failing to appear at the court hearings on October 12,

---

[1] *See* https://www.cacd.uscourts.gov/honorable-fred-w-slaughter.

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:22-cv-01430-FWS-GJS | Date: October 20, 2023 |
| Title: Paul Liang *et al.* v. Kevin Robl *et al.* | |

2023, and October 19, 2023. The written response to the Order to Show Cause must be accomplished by way of declaration, not solely memorandum and authority.

    Failure to adequately comply with the court's order described above may result in sanctions being imposed. These sanctions may include monetary sanctions and/or dismissing the action. *See Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001) ("Three primary sources of authority enable courts to sanction parties or their lawyers for improper conduct: (1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings, and (3) the court's inherent power."); *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005) ("Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence."); *Fink*, 239 F.3d at 994 ("[S]anctions are available if the court specifically finds bad faith or conduct tantamount to bad faith. Sanctions are available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose."); L. R. 83-7 ("The violation of or failure to conform to any of these Local Rules may subject the offending party or counsel to: (a) monetary sanctions, if the Court finds that the conduct was willful, grossly negligent, or reckless; (b) the imposition of costs and attorneys' fees to opposing counsel, if the Court finds that the conduct rises to the level of bad faith and/or a willful disobedience of a court order; and/or (c) for any of the conduct specified in (a) and (b) above, such other sanctions as the Court may deem appropriate under the circumstances.").

    The court further modifies the Scheduling Order (Dkt. 139) as follows:

| | |
|---|---|
| Check one: [x] Jury Trial or [ ] Bench Trial **Tuesday at 8:30 a.m.** | **4/30/2024** |
| Trial Length | **3-9 days** |
| Final Pretrial Conference & Hearing on Motions in Limine **[Thursday at 8:30 a.m., at least 12 days before trial]** | **4/18/2024** |
| All other dates have already passed, (*see* Dkt. 139) | |

_____

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-01430-FWS-GJS                              Date: October 20, 2023
Title: Paul Liang *et al.* v. Kevin Robl *et al.*

**IT IS SO ORDERED.**

Initials of Deputy Clerk:  mku